UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DONNIE RAY MCKINLEY JR., <br> Petitioner, <br> v. <br> RAYMOND MADDEN, Warden, <br> Respondent. | Case No.: EDCV 17-01023-VBF (JDE) <br><br> ORDER TO SHOW CAUSE |

On May 23, 2017, Petitioner Donnie Ray McKinley Jr. ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition" or "Pet."). The Petition appears to be directed to a 1996 conviction sustained by Petitioner in the Riverside County Superior Court. Petitioner raises a single ground for relief, alleging that his equal protection rights have been violated. (Pet. at 10.)

Based on its review of the Petition, as well as information derived from the docket of the United States District Court, Central District of California, it appears to the Court that the Petition herein constitutes a second or successive petition under 28 U.S.C. § 2244(b), as Petitioner previously sought habeas relief from the same 1996 judgment of conviction.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") applies to the instant action because Petitioner filed it after the AEDPA's effective date of April 24, 1996. See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). Title 28, United States Code, Section 2244(b) provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the

district court to consider the application.

A petitioner's failure to obtain authorization from the appropriate appellate court before filing a second or successive habeas petition deprives the district court of jurisdiction to consider the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).

Here, Petitioner previously challenged his 1996 conviction in at least three habeas petitions in the Central District of California: (1) Donnie Ray McKinley v. Larry E. Scribner, 5:07-cv-00987-VBF-OP ("First Action"); (2) Donnie Ray McKinley v. Larry Small, 5:10-cv-00845-VBF-OP ("Second Action"); and (3) Donnie Ray McKinley v. R T C Grounds, 5:13-cv-00879-VBF-OP ("Third Action"). The First Action was dismissed with prejudice as time-barred on November 1, 2007. (First Action, Dkt. No. 8.) Petitioner filed an appeal, but his requests for a certificate of appealability were denied by the district court and the Ninth Circuit. (Id., Dkt. Nos. 15, 18.) The Second Action was dismissed with prejudice as untimely and for failure to state a claim for federal habeas relief. (Second Action, Dkt. Nos. 16-17.) The Third Action was dismissed without prejudice for lack of subject matter jurisdiction. (Third Action, Dkt. Nos. 4-5.) Although Petition claims in instant Petition that he is not "attack[ing] a conviction or a sentence" (Pet. at 2), a review of the supporting memorandum demonstrates otherwise. The allegations of the Petition reflect that Petitioner is, in fact, challenging the same 1996 conviction at issue in his previous habeas petitions, including the California Court of Appeal's 1998 decision on direct appeal. (See, e.g., id. at 12 ("Petitioner [was] unfairly prejudiced by appellate court's opinion deciding Petitioner was more culpable than defendant in People v. Dillion (1983) 34 Cal. 3d 441"), 13 (alleging that felony murder unfairly prejudices youthful aid and abettors"), 20 (alleging that "his sentence is wholly unfair").) As explained, however,

Petitioner's First and Second Actions were dismissed with prejudice as untimely. Because a dismissal of a habeas petition for untimeliness "presents a 'permanent and incurable' bar to federal review of the underlying claims," "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Thus, the Petition now pending constitutes a second and/or successive petition and as such, Petitioner must obtain permission from the Ninth Circuit before this Court can adjudicate any challenge to his 1996 conviction. Nothing in the record demonstrates that Petitioner has obtained the requisite authorization from the Ninth Circuit and Petitioner does not claim that he sought or received such authorization. Indeed, it appears that Petitioner currently has an application for permission to file a second or successive habeas petition pending before the Ninth Circuit Court of Appeals, seeking to challenge the 1996 conviction on different grounds. See Donnie v. McKinley v. Raymond Madden, Case No. 17-70902. Therefore, it appears that the Court lacks jurisdiction to adjudicate Petitioner's challenge to his 1996 conviction.

IT THEREFORE IS ORDERED that **on or before July 10, 2017**, Petitioner show cause in writing why the Court should not dismiss this action with prejudice because Petitioner failed to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to filing it in this Court.

//
//
//
//
//
//

**Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**

Dated: June 9, 2017

/s/ John D. Early
JOHN D. EARLY
United States Magistrate Judge